UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KUO CHUAN WANG,
                                                            No. 11-15432 T7

    Debtor.

FIA CARD SERVICES, N.A.,

    Plaintiff,

v.                                                                          Adv. No. 12-1153 T

KUO CHUAN WANG,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion for Summary Judgment, filed April 2, 2012 (the "Motion"), the response thereto filed by plaintiff on April 20, 2012 (the "Response"), and defendant's reply in support of the Motion, filed May 7, 2012 (the "Reply").

This is a core matter, and the Court may enter a final order. The Court received and reviewed briefs, affidavits, and documents submitted by the parties in support of their positions. The Court has considered the matter and has made an independent inquiry into applicable case law. Being sufficiently advised, the Court hereby issues the following Memorandum Opinion. For the reasons set forth below, the Motion is denied.

### BACKGROUND

Debtor filed this Chapter 7 case on December 20, 2011. On February 29, 2012, plaintiff filed its Complaint Objecting to Dischargeability of Indebtedness (11 U.S.C. § 523) (the "Complaint"), asking the Court to declare nondischargeable $4,024 of credit card charges pursuant to 11 U.S.C. § 523(a)(2)(A). On April 3, 2012, the debtor filed an answer and

counterclaim for costs and attorney fees pursuant to 11 U.S.C. § 523(d), and filed the Motion on the same day. Plaintiff answered the counterclaim April 5, 2012.

DEFENDANT'S POSITION AND EVIDENTIARY SUPPORT

Defendant submitted affidavit and other evidence of, inter alia, the following asserted facts (paraphrased from asserted undisputed facts in the Motion):

1. Before filing bankruptcy, defendant had a charge card account with plaintiff;

2. Between October 11 and November 30, 2011, defendant incurred charges on the account;

3. None of the charges incurred in the 90 days pre-petition were for luxury goods or services aggregating more than $600;

4. When defendant incurred the charges, he did so with the intention of repaying the debt;

5. Defendant stopped using the credit card on November 30, 2011, when he decided to file bankruptcy;

7. Defendant did not incur debt on the account thinking it would be discharged in bankruptcy;

8. Defendant made payments on the account of $747, $372, and $347 on August 22, September 29, and November 4, 2011;

9. Defendant caused credits of $16.04 and $58.83 to be applied to the account on November 5 and November 23, 2011;

11. Plaintiff did not conduct discovery before filing the complaint, or question defendant about his intention or state of mind when charges were incurred.

Based on these alleged facts, the defendant argues (i) plaintiff's complaint relies on the presumption of fraud found in § 523(a)(2)(C)(i)(II); (ii) defendant has rebutted the presumption; (iii) plaintiff cannot prove that defendant misrepresented his intent to repay the subject debt when it was incurred, so defendant is entitled to summary judgment; and (iv) the complaint was not substantially justifiable, so defendant should be awarded his attorney fees under 11 U.S.C. § 523(d).[1]

## PLAINTIFF'S RESPONSE

In response to the Motion, Plaintiff submitted affidavit and other evidence of, inter alia, the following asserted facts (paraphrased from asserted undisputed facts in the Response):

A. On November 22, 2011, 28 days pre-petition, defendant paid $1,850 to his bankruptcy lawyer for legal services;

B. Defendant and his co-debtor spouse obtained their Certificates of Counseling on November 25, 2011;

C. When the case was filed, defendant was unemployed and his co-debtor spouse had been employed for only one month, earning a monthly gross salary of $598;

D. From November 22 through November 30, 2011, the defendant incurred 22 charges on the account;

E. The charges incurred on and after November 22, 2011 exhausted all remaining credit available on the account;

F. Included among the items charged after November 22, 2011 are three charges at Los Altos Golf Course;

---

[1] There is some discussion in the Motion and Reply about Bankruptcy 7009 and Fed.R.Civ.P. 9(b). Motion, pp. 1, 9; Reply, pp. 4, 10. However, the Motion does not seek relief under Fed.R.Civ.P. 9(b), and it would be inappropriate for the Court to expand the Motion beyond its stated ground of asking for summary judgment pursuant to Fed.R.Civ.P 56. The Court therefore will not address whether plaintiff's complaint pleads fraud with sufficient particularity, and expresses no opinion on the issue.

G. All of the charges were incurred within 85 days before the bankruptcy filing;

H. In an 82-day period, Defendant incurred 82 charges on the account;

I. 60 of the charges were incurred *in seriatim* from 55 days before November 22, 2011 up to that date;

J. Schedules A and D show defendant had no equity in real property;

K. Schedule F shows that defendant and his co-debtor spouse owed general unsecured debts of $147,324.84, including $65,324.84 of credit card debt (11 cards) and a personal loan of $82,000, none of which were scheduled as contingent, unliquidated, or disputed;

L. Schedule E includes a $35,983.30 tax debt to the United States and a $5,725.67 tax debt to the State of New Mexico, neither of which was scheduled as disputed, unliquidated, or contingent;

M. Schedules I and J show that the defendant's average monthly budget was negative by $3,251, without including any amount to service credit card debt;

N. Defendant's response to Question 17 on Schedule I indicates that he and his co-debtor spouse expected to have even less income in the year after their bankruptcy filing;

O. While Schedule B indicates personal property valued at $57,72I, this amount includes a $20,000 claim against Tiger Express, LLC (wholly owned by defendant, but closed in November 2011);

P. Also on Schedule D is an automobile subject to a lien of $7,469;

Q. Removing the Tiger Express claim and vehicle lien leaves only $30,000 in personal property at filing;

R. Of the Schedule B personal property, only $1,492.61 is liquid;

S. Pre-petition, the defendant and his co-debtor spouse had 2011 gross income of only $21,462.85;

T. Defendant's Schedule F credit card debt was more than twice the amount of Defendant's gross income for 2011;

U. The $82,000 personal loan debt exceeds 2011 gross income by almost four times;

V. Defendant's unpaid taxes exceed 201I gross income by $20,247.12;

W. Defendant's total general unsecured debt plus the outstanding tax debt is $189.034.10, more than eight times his gross income for 2011;

X. During 2011 defendant was paying a mortgage on his real property;

Y. Defendant was a business owner from February, 2009- November, 2011;

Z. When the Plaintiff incurred the questioned charges, the account was current in payments and had credit available;

AA. Plaintiff sent a pre-filing letter to defendants counsel requesting information which might dissuade plaintiff from filing a complaint, but counsel did not respond.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides: "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91

L. Ed. 2d (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

A trial court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Schlup v. Delo*, 513 U.S. 298, 332, 115 S. Ct. 851, 869, 130 L. Ed. 2d 808 (1995), quoting *Anderson v. Liberty Lobby*, 477 U.S. at 259, 106 S. Ct. at 2511.

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539. Rather, there must be sufficient evidence on

which the fact finder could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 251; *Vitkus v. Beatrice Co.,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

## DISCUSSION

1. <u>Defendant's Argument About the § 523(a)(2)(C) Presumption Misses the Mark</u>. Defendant spends much of his Motion arguing that plaintiff's complaint is based on the presumption of fraud found in 11 U.S.C. § 523(a)(2)(C), and that defendant's summary judgment evidence rebuts the presumption. Motion, pp. 1, 2, 4, 5-8. As plaintiff correctly points out, however, the Complaint never mentions or relies upon the § 523(a)(2)(C) presumption. To the extent the Motion is based on an attempt to overcome the fraud presumption, it is misdirected.

2. <u>There are Material Disputed Facts Concerning Defendant's Intent</u>. Defendant argues that he is entitled to summary judgment because "the undisputed material facts demonstrate that Plaintiff cannot prove by a preponderance of the evidence that Defendant incurred charges on the Card while subjectively intending to not repay the debts." Motion, p. 9. That argument misstates the standard for summary judgment under Fed.R.Civ.P. 56. What the Court must determine is whether, based on the record submitted by the parties, there are genuine issues of material fact to be resolved at trial. Fed.R.Civ.P. 56(a). The plaintiff is not required to prove its case before trial. Here, plaintiff has submitted admissible evidence sufficient to raise a

genuine fact issue on intent, which is the only element of plaintiff's case attacked by the defendant in the Motion.

A leading case in this area is *In re Kukuk*, 225 B.R. 778, 786-87 (10th Cir. BAP 1998). Because it is on point, it is worth quoting from *Kukak* at some length:

> Numerous courts have applied the following nonexclusive list of factors to determine a debtor's intent under the totality of the circumstances test for purposes of § 523(a)(2)(A):
>
> (1) the length of time between the charges made and the filing of bankruptcy;
> (2) whether the debtor consulted an attorney regarding bankruptcy prior to the charges being made;
> (3) the number of charges made;
> (4) the amount of the charges;
> (5) the financial condition of the debtor at the time the charges were made;
> (6) whether the charges were above the credit limit of the account;
> (7) whether the debtor made multiple charges on any given day;
> (8) whether or not the debtor was employed;
> (9) the debtor's employment prospects;
> (10) the debtor's financial sophistication;
> (11) whether there was a sudden change in the debtor's buying habits; and
> (12) whether the purchases were made for luxuries or necessities.
>
> *Citibank South Dakota v. Dougherty (In re Dougherty),* 84 B.R. 653, 657 (9th Cir. BAP 1988), (adopted in *[Citibank (South Dakota), N.A. v.] Eashai [In re Eashai],* 87 F.3d [1082] at 1088 & 1090 [9th Cir. 1996]); *accord, e.g., [Household Credit Services v.] Melton [(In re Melton)],* 217 B.R. [869] at 876 & n. 3 [(Bankr. D. Colo. 1998)]; *[Mercantile Bank v.]Hoyle [(In re Hoyle)],* 183 B.R. [635] at 638 (Bankr. D. Kan. 1995)]; *[Norwest Bank of Iowa, N.A. v.] Orndorff [In re Orrndorff],* 162 B.R. [886] at 889 [(Bankr. N.D. Okla. 1994)]; *[May Dept. Stores Co. v]. Kurtz [(In re Kurtz)],* 110 B.R. [528] at 530 [(Bankr. D. Colo. 1990)]. While these factors are helpful in determining the debtor's state of mind, the test adopted herein requires "'a review of the circumstances of the case at hand, ... not a comparison with circumstances (a/k/a/ 'factors') of other cases.'" *Rembert [v. AT&T Universal Card Serv., Inc. (In re Rembert)],* 141 F.3d [277] at 282 [(6th Cir. 1998)](quoting *Chase Manhattan Bank v. Murphy (In re Murphy),* 190 B.R. 327, 334 (Bankr.N.D.Ill.1995)); *accord [American Express Travel Related Serv. Co. Inc. v.]Hashemi [(In re Hashemi)],* 104 F.3d [1122] at 1122 (9th Cir. 1996) ("[T]hese factors are nonexclusive; none is dispositive, nor must a debtor's conduct satisfy a minimum number in order to prove fraudulent intent."); *[Bank One Columbus, N.A. v. Schad (In re] Kountry Korner [Store]],* 221 B.R. [265] at

272 n. 8 [(Bankr. N.D. Okla.)]("the Court is not interested in engaging in 'factor counting,' " as it is the subjective intent of the debtor that must be shown); *[(AT&T v.] Herrig [(In re Herrig)],* 217 B.R. [891] at 897 (factors are merely guidelines which are not to be applied as a litmus test, and courts should not engage in simple mathematics to determine dischargeability based on the number of factors met); *[Household Bank, N.A. v.] Touchard [(In re Touchard)],* 121 B.R. [397] at 401 & n. 5 [(Bankr. D. Utah)](factors serve as guidance only); *In re Faulk,* 69 B.R. 743, 747 (Bankr. N.D. Ind.1986) (same); *Chase Manhattan Bank (U.S.A.) N.A. v.] Carpenter [(In re Carpenter)],* 53 B.R. [724] at 730 (Bankr. D. Ga. 1985)](same). Thus, the non-exclusive list of factors stated above should serve as mere guidelines, with no one factor being determinative. Focusing on the circumstances of a particular case, and not a laundry list of factors, is required if the rule that the creditor has the burden to prove each element of fraudulent misrepresentation and nondischargeability under § 523(a)(2)(A) is to be heeded. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (creditor has burden of proving § 523(a) exceptions to discharge by a preponderance of the evidence); *see Kountry Korner,* 221 B.R. at 272; *Dougherty,* 84 B.R. at 656.
...
   As noted above, one of the factors considered by the courts in determining whether fraudulent intent exists under the totality of the circumstances test is the debtor's financial condition at the time that the credit card was used, or the debtor's ability to pay the debt incurred. This factor, like all of the other factors stated above, should not be dispositive on the issue of fraudulent intent, but may be a necessary part of inferring whether or not the debtor incurred the debt with no intent of repaying it. We stress, however, that in considering the debtor's ability to pay under the totality of the circumstances test, "the hopeless state of a debtor's financial condition should never become a substitute" for an finding of fraudulent intent. *Anastas [v. American Savings Bank (In re Anastas)],* 94 F.3d [1280] at 1286 (9th Cir. 1996)(citations omitted), *quoted in Rembert,* 141 F.3d at 281; *see Kountry Korner,* 221 B.R. at 272 n. 8 (a debtor's inability to finance a debt will not in and of itself be evidence of fraud); *Herrig,* 217 B.R. at 897 & n. 3 (same); *Collier,* ¶ 523.08[6] at 523–57 ("That the debtor's financial condition at the time the charges were incurred may have made it objectively unreasonable to believe that the debtor had the ability to pay the charges does not by itself establish grounds for nondischargeability. But such evidence may support the inference that the debtor had the requisite fraudulent intent." (footnotes omitted)).

Defendant seems to take the position that his affidavit testimony regarding intent to repay the charges when incurred is dispositive. Motion, pp. 6, 7, 9, and 12. It is not. As the court observed in *Kukuk*, "since a debtor will rarely admit a lack of intention ro repay, such intent must be inferred by the totality of the circumstances of the case at hand." 225 B.R. at 786, *citing*

*Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1375 (10th Cir.1996). "A finding regarding fraudulent intent, therefore, will be determined on a base-by-case basis, with the particular circumstances of the case and the demeanor and credibility of the witness playing a very large role." *Id*.

There is no question that, as stated in *Kukuk*, a credit card issuer bringing a § 523(a)(2)(A) claim has "a very difficult burden" to prove that the debtor did not intend to repay the debts incurred. 225 B.R. at 788. The *Kukuk* decision will be followed by this Court in the event this matter goes to trial. Whether the plaintiff will be able to make the necessary showing of intent required by *Kukuk* is a trial issue, rather than an issue for summary judgment. In response to the Motion, the plaintiff need only show that there is a genuine issue about the defendant's intent to repay. The Court finds that the plaintiff has carried this modest burden.

3.  <u>Summary Judgment on Defendant's Counterclaim is Not Appropriate</u>. Based on the foregoing analysis, defendant's motion for summary judgment awarding his attorney fees and costs pursuant to 11 U.S.C § 523(d) is denied. If this matter is tried and the plaintiff loses, the Court will take up at that time whether the plaintiff's position was substantially justified.

CONCLUSION

The Motion is denied, and the adversary proceeding will be set for trial. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052. An appropriate order will be entered.

*/s/ Signature*

Hon. David T. Thuma
United States Bankruptcy Judge

-10-

Date entered on docket: October 3, 2012

Copies to:

Christopher M. Gatton
10400 Academy, NE, Suite 350
Albuquerque, NM 87111

Richard S. Ralston
2001 Western Avenue, Suite 400
Seattle, WA 98121

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608